JUNE TERM, 1868. 387

Pierce vs. The Milwaukee and St. Paul Railway Co.

Pierce vs. The Milwaukee and St. Paul Railway Company.

*Common carriers ; liability for goods carried "free."*

Where, by the custom of a railroad company, persons whose grain is shipped by its road are entitled to have the empty bags carried "free," this is *not* a *gratuitous* bailment, so as to exempt the company from liability except for *gross* negligence in case such empty bags are lost.

APPEAL from the Circuit Court for *La Crosse* County.

Action to recover the value of eight bundles of bags, which had been in use for two seasons in transporting grain from Lake City, Minnesota, to Genoa, Wisconsin, by way of the river and the defendant's railway. The complaint alleged that the bags were delivered by the packet company doing business on the river, to the defendant at La Crosse; and that defendant, as a common carrier, received said bags to be safely carried by it over its railway, and delivered at Milwaukee to the plaintiff, "for a reasonable compensation to be paid by the plaintiff therefor." Answer, a general denial. At the trial defendant sought to avoid liability, as a common carrier, for the loss of the bags, by showing a uniform and long-established custom of the river and railway, that all bags used in the transportation of grain on said river or railway were carried free of charge, when empty, claiming that for bags so carried it could be held responsible only in case of gross negligence. The court gave the instruction recited in the opinion of Mr. Justice Downer.

Verdict and judgment for the plaintiff; and defendant appealed.

*John W. Cary*, for appellant.

*Montgomery, Wing & Gage*, for respondent.

The following opinion was filed at the September term, 1867:

Downer, J. The court below instructed the jury as follows: "If you find, from the evidence, that it was the custom of the

defendant to return the bags in which grain had been carried, free of charge, such free carriage must be considered as incident and accessory to the principal contract, and a part of one transaction, and would not affect the liability of the defendant as a common carrier." The appellant contends that this instruction was erroneous.

The instruction supposes that the plaintiff's grain had been carried over the road in these bags, and that there was a custom proved that in such case the bags should be returned by the road, free of charge. The plaintiff testified that the bags had been sent from Genoa, Wis., to Mr. Starr, his agent at Lake City, Minnesota, and used in May and June, 1863, in the transportation of wheat on the Mississippi river from Lake City to La Crosse; and that he did not think any of his wheat came from La Crosse over the defendant's road that year in the bags, but in bulk. His is the only testimony on this point. There was, therefore, proved no transportation, and no agreement for the transportation, of the plaintiff's wheat that year in bags over the defendant's road, or any part of it, to which the return of the bags, free of charge, was an incident. The instruction seems to be abstract, or not based upon a contract proved. The custom the defendant's evidence tends to establish is, that bags used in the transportation of grain, either on the river or railroad, by the customers of the railroad company, were carried both ways by the company over its road, free of charge, at the owner's risk, as often as necessary. A customer of the railroad company might, during the season, ship grain to be carried over the road in bags or in bulk, at any number of different times, and make each time a different agreement; and, according to the alleged custom, if he was engaged in carrying grain on the Mississippi river or beyond the terminus of the road, his bags would be carried, if he desired it, both ways over the road, free of charge. We do not see how, in such case, the carriage of the bags can be a part of, or incidental to, any one agreement,

Pierce vs. The Milwaukee and St. Paul Railway Co.

or shipment, or be considered otherwise than gratuitous. An agreement between the parties that the bags should be carried free at the owner's risk would be valid, so far as to protect the defendant against losses other than those resulting from gross negligence or fraud. If the usage or custom is established, it must have, in the absence of any different understanding of the parties, the same force as such agreement, provided it be of such age, uniformity, and notoriety that the jury can clearly say it was known to the plaintiff.

*By the Court.*—Judgment reversed for error in the instruction, and *venire de novo* awarded.

On a motion for a rehearing, the counsel for respondent insisted that admitting the existence of a custom, such as contended for by the appellant, yet this would not exonerate the company, unless it appeared that knowledge of the custom was brought home to the respondent, and that he had assented thereto. Courts look with disfavor upon every attempt by common carriers to limit their liability. *Falvey v. Northern Transp. Co.*, 15 Wis. 129. Besides, even if the bags were carried nominally "free," still their transportation was not in fact wholly gratuitous. The custom applied only to the bags of those who shipped grain over the road. The patronage received therefor was the consideration of the free carriage of empty bags. From the custom, on the one hand, and the patronage induced thereby on the other, resulted a mutually beneficial interest, and hence an obligation. 20 Curtis (U. S.) 260; 21 id. 291; 15 N. Y. 444.

The cause was disposed of at the June term, 1868, by the following opinion :

PAINE, J. After carefully considering the original briefs of counsel and the arguments upon the rehearing, I have come to the conclusion that the carrying of the bags of the plaintiff by the company cannot be considered as gratuitous, whether the

custom was only to return bags free that had gone over the road filled, or whether it was a general custom to carry the bags of customers free both ways, without regard to the question whether, at any particular time, they were returning from a trip on which they had passed over the road, filled or not. If such a relation were created by an express contract, instead of being based upon a custom, it would seem clear that there would be a sufficient consideration for the agreement to carry the bags. If a written contract should be signed by the parties, in which the one should agree to give the company the transportation of his grain at its usual rates, and the company should agree in consideration thereof to carry the grain at those rates, and also to carry the bags both ways whenever the customer might desire it, without any further charge, there can be no doubt that the giving to the company his business, and the payment of the regular freight, would be held to constitute the consideration for this part of the agreement on the part of the company. But if it would be so in such a case, it is equally so when the same understanding is arrived at through the means of a custom. The company, by establishing such a custom, makes the proposition to all persons, that if they will become its customers, it will carry their bags both ways without any other compensation than the freight upon the grain. Persons who become its customers in view of such a custom, do so with that understanding. And the patronage and the freights paid are the consideration for carrying the bags. The company, in making such a proposition, must consider that this additional privilege constitutes an inducement to shippers to give it their freight. And it must expect to derive a sufficient advantage from an increase of business occasioned by such inducement, to compensate it for such transportation of the bags. And it ought not to be allowed, when parties have become its customers with such an understanding, after losing their bags, to shelter itself under

the pretext that the carrying of the bags was a mere gratuity, and it is therefore liable only for gross negligence.

It makes no difference that the custom is described as being to carry the bags *free*. In determining whether they are really carried " free " or not, the whole transaction between the parties must be considered. And when this is done, it is found that all that is meant by saying that the empty bags are carried free, is, that the customers pay no other consideration for it than the freight derived from the business they give the company. But this, as already seen, is sufficient to prevent the transportation of the bags from being gratuitous. *Smith v. R. R. Co.*, 24 N. Y. 222; see also *Bissel v. Railroad Co.*, 25 id. 442. It will be seen that in that case a majority of the court held, that where a passenger expressly agreed to take certain risks of injury upon himself, for a consideration, the agreement was valid and binding. But DENIO, WRIGHT and SUTHERLAND dissented, and DENIO, J., in his opinion, on pages 455 and 456, states what seems to be the true construction and effect of such a contract, holding that a person riding in charge of cattle, under a contract to carry them at a specified price per car load, and to carry a person " free " to take charge of them, was not a gratuitous passenger. The other two dissenting justices doubtless agreed with him upon this point. And it is evident from the remarks of SELDEN, J., on page 447, that he did not hold the opposite view, but rested his decision upon the ground that the plaintiff was bound by the contract to take the risk, whether he was a gratuitous passenger or not. See also *Steamboat New World v. King*, 16 How. (U. S.) 469, in which it was held, that, under a general custom of steamboats to carry " steamboat men " free, a steamboat man, riding on a free ticket, was not to be regarded as a gratuitous passenger; but that the consideration was to be found in those advantages which induced the establishment of the custom — a doctrine which seems directly applicable to the question under consideration.

I can see no ground for any such difficulty as that suggested by the appellant's counsel on the re-argument. He said, if this undertaking to return bags free was to be considered a matter of contract on the part of the company, it would be unable to collect its freights on delivering grain, upon the ground that its contract was not then completed. But this could not be so. The company, on delivering the grain, parts with the possession of the property to the shipper or his consignee. And on doing that, it is of course entitled to its freight. And its agreement to return the bags without further charge, or to carry them free both ways whenever its customer should deliver them empty for that purpose, could not have the effect of destroying this right. The contract would be construed according to the intention of the parties. See Angell on Carriers, § 399, note 3, and cases cited. And here it would be very obvious that neither of the parties contemplated any relinquishment by the company of its right to freight on delivering the grain. The transaction for that purpose would be distinct. Here the defendant's evidence showed that the plaintiff was a " customer." The company claims that he had complied with the custom on his part, so as to make it applicable to him. But if he had done so, as that constitutes a sufficient consideration to prevent the carrying of his bags from being gratuitous, the company is liable.

It is immaterial, therefore, whether the instruction excepted to was strictly accurate or not, in assuming that there was evidence tending to show that the bags were on a return trip, after having gone over the road filled; as neither in that case, nor on the custom as claimed to have been shown by the appellant, would the transportation be gratuitous.

*By the Court.* — The judgment is affirmed, with costs.